STOULIG, Judge.
Plaintiff, Raymond Caballero, filed suit against defendants, Julius and Flora Cerdes, on a promissory note dated August 25, 1971 which plaintiff claims to have obtained in late March, 1972 in pledge as security for a loan by plaintiff and others to a company known as American Budget Plan, Inc.
Defendants answered and filed a defense of payment of the note sued upon. In addition, they filed third party demands against the notary public who closed the loan from which the note originated and other notaries who closed loans by which the note sued upon was to have been refinanced. The third party demands were severed by the trial court and have not been tried.
The record reveals that on August 25, 1971, defendants borrowed money from American Budget Plan, Inc. and executed two identical collateral mortgage notes in the amount of $10,000 each, payable to the order of bearer. Each note was paraphed for identification with, and secured by, acts of collateral mortgage encumbering separate pieces of immovable property. On the same day, defendants executed two identical hand notes, each in the amount of $5,375 as evidence of the amount actually borrowed under each collateral mortgage note.
In March, 1972, American Budget Plan, Inc. (defendants’ creditor) itself agreed to borrow from one Daniel L. Levy, Jr. and his sisters the sum of $30,000, which it agreed to repay over a five-year period in stipulated monthly installments. The parties agreed to secure the $30,000 loan by pledge of promissory notes executed by third persons (borrowers of American Budget Plan, Inc.). Even though the money loaned belonged to Levy and his sisters, they delegated mechanics of advancing the funds and obtaining the pledge security to the plaintiff, Levy’s brother-in-law. On March 22, 1972, plaintiff delivered to American Budget the sum of $18,300 and on March 30,1972 he delivered an additional $12,000 of his in-laws’ money. On each occasion, American Budget pledged promissory notes executed to it by third parties as collateral for the loans. Among the notes thus pledged was one of the hand notes executed by defendants on August 25, 1971.
In 1973 defendants decided to refinance its obligations to American Budget. Consequently, on April 27, 1973 American Budget was paid $5,125 by a local homestead, in return for which one of defendants’ original collateral mortgage notes was cancelled. On May 23, 1973, American Budget was paid $5,250 by another homestead, in return for which the other original collateral mortgage note was cancelled. However, it appears neither homestead notary demanded the return of the two outstanding hand notes which evidenced the amount of defendants’ obligations to American Budget, and one of these hand notes was among those pledged by American Budget to plaintiff as security for the loans to it of the money belonging to Levy and his sisters.
*581 American Budget defaulted on its loan to plaintiff in 1975, and on October 1, 1975 plaintiff filed suit against defendants on one of defendants’ hand notes.
The trial court rejected defendants’ defense of payment. We reverse on other grounds.
A careful review of the record shows the plaintiff is not the real party in interest and has no standing to sue in this proceeding. By his own admission, plaintiff had no interest in the funds advanced by Levy and his sister in return for which the note sued upon was pledged. Plaintiff admitted he was a mere “functionary” in the transaction. He gave no consideration for the promissory note received by him in pledge, he did not purchase the note, and he could therefore not be the holder of an instrument which purported to be a note. By his own judicial admission, he had no more interest in the transaction than as a family bookkeeper.
Article 681, Code of Civil Procedure, provides an action can be brought only by a person having a real and actual interest which he asserts. This court has authority on its own motion to notice a plaintiffs lack of interest in the subject matter and act accordingly pursuant to Article 927, Code of Civil Procedure.[1] An exception to the rule that a plaintiff must be the real party in interest is presented by Article 694, Code of Civil Procedure, which allows an agent to sue to enforce a right of his principal, when specially authorized to do so. However, the record contains no evidence whatever to establish or even suggest plaintiff’s suit was brought in his capacity as agent or that he was specially authorized to sue as agent. Because of the total absence of evidence of the plaintiff’s interest in the proceeding[2] the only alternative open to this court is to dismiss plaintiff’s suit for lack of procedural capacity.
For the reasons assigned, the judgment appealed from is annulled and the plaintiff’s suit is dismissed without prejudice on an exception of no right of action. All costs to be borne by appellee.

JUDGMENT ANNULLED; EXCEPTION MAINTAINED.

LEMMON, J., concurs with written reasons.

. Small v. Levy, 355 So.2d 643.

. There is more evidence in the record to indicate defendant made payment to Levy’s agent than there is that plaintiff acts as Levy’s agent in bringing this suit.